Matter of Cheryl D.U. v Ehigie E.U. (2025 NY Slip Op 04043)

Matter of Cheryl D.U. v Ehigie E.U.

2025 NY Slip Op 04043

Decided on July 03, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 03, 2025

Before: Kern, J.P., Kennedy, Kapnick, Scarpulla, O'Neill Levy, JJ. 

Docket No. F-06594-20|Appeal No. 4681|Case No. 2023-02411|

[*1]In the Matter of Cheryl D.U., Petitioner-Appellant,
v
Ehigie E.U., Respondent-Respondent.

Cheryl D.U., appellant, pro se.

Order, Family Court, Kings County (Jacqueline D. Williams, J.), entered on or about July 28, 2022, which denied petitioner's objections to an order, same court (Adele A. Harris, Support Magistrate), entered on or about June 27, 2022, dismissing her spousal support petition on the ground she failed to establish that she was legally married to respondent, unanimously affirmed, without costs.
Family Court providently exercised its discretion in denying petitioner's objections to the Support Magistrate's dismissal of her petition (see generally Matter of Michael K. v Pamela D.W., 159 AD3d 594, 594 [1st Dept 2018]). Family Court correctly found that none of the evidence submitted by petitioner conclusively established that she was legally married to respondent (see Family Court Act § 412).
Contrary to petitioner's contention, the May 12, 2009 order issued in a 2007 matrimonial proceeding does not support her claim that she and respondent are legally married. As petitioner acknowledges, she voluntarily discontinued the 2007 matrimonial proceeding before a final judgment was entered. Because the proceeding was discontinued, "it is as if it had never been"; everything done is annulled and all prior orders in the case are nullified (Matter of Irani v City of New York, 227 AD3d 526, 527 [1st Dept 2024] [internal quotation marks omitted]). Moreover, because the May 12, 2009 order was issued on default, the issue purportedly determined in that order was not "actually litigated" and has no binding or preclusive effect (Kaufman v Eli Lilly & Co., 65 NY2d 449, 456-457 [1985]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 3, 2025